STATE OF CONNECTICUT *v.* SANTOS MIRANDA
(SC 17088)

Sullivan, C. J., and Borden, Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued March 24—officially released December 22, 2004*

the first time in reply briefs. See, e.g., *Calcano* v. *Calcano*, 257 Conn. 230, 244, 777 A.2d 633 (2001).

* On December 22, 2004, this decision was released as a slip opinion.

*Daniel J. Krisch,* with whom were *Michael S. Taylor* and, on the brief, *Kenneth J. Bartschi* and *Julia K. Ulrich,* legal intern, for the appellant (defendant).

*Nancy L. Chupak,* assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

### Opinion

PER CURIAM. This case returns to us for a third time. See *State* v. *Miranda,* 260 Conn. 93, 794 A.2d 506 (2002) (*Miranda II*); *State* v. *Miranda,* 245 Conn. 209, 715 A.2d 680 (1998) (*Miranda I*). In this appeal, for reasons we will give in a full opinion in due course, we conclude that as a matter of state law, we should reverse our conclusion in *Miranda I* that the defendant, Santos Miranda, could be convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (3).

The judgment with regard to the defendant's conviction on counts five and ten of the information for assault in the first degree in violation of § 53a-59 (a) (3) is reversed and the case is remanded to the trial court with direction to render judgment dismissing the charges in those counts of the information.

As a result of today's decision, the defendant stands convicted of only one count of the information, risk of

injury to a child. With regard to the defendant's conviction of risk of injury, we will decide in the full opinion to be issued at a later date whether resentencing on that charge is required. We note, however, that the defendant was sentenced on December 2, 1994, to the maximum sentence of ten years imprisonment on the risk of injury count, and has now served that sentence in full. Pursuant to Practice Book §§ 60-2 and 60-3, we therefore order that the defendant be released by Judge Fracasse or any available Superior Court judge not later than December 28, 2004, on the defendant's written promise to appear as an appeal bond pending the final judgment in this appeal.

All stays of the judgment and time frames for the filing of postjudgment motions shall be deferred until the filing of the full opinion in this appeal.

KATZ, J., dissenting.